UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARIONA COLLINS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00281-SLC |
| | ) |
| CITY OF FORT WAYNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Motion for Leave to File Second Amended Complaint (DE 23) filed by Plaintiffs Ariona Collins and Quentell Haynes on February 9, 2016, seeking to amend their complaint to clarify certain factual and legal allegations and to add a claim for violations of the Civil Rights Act of 1871, 42 U.S.C. § 1982. Defendants City of Fort Wayne, Officer Andrew Fry, Sergeant Gary Hensler, and Officer Spence Munger object to the motion, contending that the proposed § 1982 claim is futile. (DE 24). The motion is now ripe for ruling.[1] (DE 25).

For the following reasons, the motion to amend will be GRANTED.

**A. Factual and Procedural Background**

Plaintiffs filed this 42 U.S.C. § 1983 action against Defendants on September 30, 2015, as a result of an encounter with the Defendant officers at Plaintiffs' home in Fort Wayne, Indiana, on April 11, 2015. (DE 1). Specifically, Plaintiffs alleged in their complaint that Defendants violated the Fourth Amendment by using excessive force against them, by unlawfully entering their home, and by failing to intervene in the unconstitutional acts; Plaintiffs

---

[1] Diversity jurisdiction exists under 28 U.S.C. § 1332(a). Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 21).

also advance state law claims of assault, battery, false arrest, and false imprisonment. (DE 1; DE 12). The Court conducted a preliminary pretrial conference on January 7, 2016. (DE 19). At the conference, the Court set February 15, 2016, as the last day for Plaintiffs to seek leave to amend their pleadings; March 15, 2016, as the last day for Defendants to seek leave to amend their pleadings; and September 30, 2016, as the deadline for the completion of all discovery. (DE 17; DE 19). Plaintiffs filed the instant motion to amend on February 9, 2016, and thus, it was timely filed. (DE 23).

## B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

## C. Discussion

As explained above, Plaintiffs seek to amend their complaint to add a § 1982 claim and to clarify certain factual and legal allegations in the complaint. (DE 23 ¶ 1). Defendants oppose the motion, arguing that adding the § 1982 claim is a futility. For the following reasons, Defendants' objection based on futility will be overruled.

"District courts may refuse to entertain a proposed amendment on futility grounds when

the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citation omitted). "To survive a motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, to survive a motion to dismiss, a plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (citation omitted).

"Enacted as part of the Civil Rights Act of 1871, 42 U.S.C. § 1982 guarantees to all citizens of the United States 'the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.'" *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treat Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1257 (7th Cir. 1993) (quoting 42 U.S.C. § 1982); *see also Whisby-Myers v. Kiekenapp*, 293 F. Supp. 2d 845, 849 (N.D. Ill. 2003). "To prove a violation of § 1982, a plaintiff must demonstrate 1) interference with property rights, which interference is 2) motivated by racial prejudice." *Lac du Flambeau Band of Lake Superior Chippewa Indians*, 991 F.2d at 1257 (citing *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987)); *see Whisby-Myers*, 293 F. Supp. 2d at 850 (stating that to state a § 1982 claim, plaintiffs must allege that the defendant "had a racial animus, intended to discriminate against the plaintiff, and deprived the plaintiff of protected rights because of the plaintiff's race" (citation omitted)). "Racial prejudice need not be the sole motivating factor but must be more than an insubstantial factor bearing on the decision: but for the prejudice, the interference would not have occurred." *Lac du Flambeau Band of Lake Superior Chippewa Indians*, 991 F.2d at 1257 (citing *Bachman v. St. Monica's Congregation*,

3

902 F.2d 1259, 1262-63 (7th Cir. 1990); *Smith v. Sol D. Adler Realty Co.*, 436 F.2d 344, 349-50 (7th Cir. 1971)).

The Court finds that the elements of a § 1982 claim have been alleged in the proposed complaint sufficient to survive a motion to dismiss, albeit just barely. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (alteration in original) (quoting *Twombly*, 550 U.S. at 555)). With respect to the element of interference with property rights, Plaintiffs allege that they were "renting" real property (DE 23-1 ¶ 4); that "due to Defendant Officers' unlawful entry into Plaintiffs' home, their assault and battery against Plaintiffs, and the disruption these events caused, Plaintiffs were within the following months evicted from their home and forced to live temporarily in a motel" (DE 23-1 ¶ 35); and that the Defendant officers subjected Plaintiffs "to unlawful home entry, loss of residence, . . . [and] property damage . . . ." (DE 23-1 ¶ 42).

With respect to the element of motivation of racial prejudice, Plaintiffs allege that the "Officers are white citizens" (DE 23-1 ¶ 2); that Mr. Haynes is of "African-American, Puerto Rican, and black heritage" (DE 23-1 ¶ 1); that Ms. Collins is of "Puerto Rican, white, and African-American heritage" (DE 23-1 ¶ 1); that the "Officers interfered with their rights to property under motivation of racial prejudice" (DE 23-1 ¶ 41); and that the "Officers do not unlawfully enter the homes of white citizens in Fort Wayne, Indiana and therein assault and batter them" (DE 23-1 ¶ 36).

Defendants raise several arguments in an effort to show that the proposed amended complaint fails to state a claim under § 1982. They argue that the proposed complaint alleges

4

Plaintiffs' "heritage," rather than race, emphasizing that § 1982 prohibits racial discrimination but not discrimination on the grounds of national origin. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 412 (1968); *see, e.g.*, *Petrone v. City of Reading*, 541 F. Supp. 735, 739 (E.D. Pa. 1982) (dismissing § 1982 claim that was predicated only upon plaintiff's Italian heritage). But despite Plaintiffs' inclusion of the word "heritage," the proposed amended complaint alleges that Haynes is "African American" and "black," and that Collins is, at least in part, "African American." This is the racial class that § 1982 was specifically intended to address.[2] *See City of Memphis v. Greene*, 451 U.S. 100, 120 (1981) (stating that § 1982 should be broadly construed "to protect not merely the enforceability of property interests acquired by black citizens but also their right to acquire and use property on an equal basis with white citizens"). The proposed amended complaint further alleges that the Defendant officers' actions were "under motivation of *racial prejudice*" (DE 23-1 ¶ 41 (emphasis added)); thus, the proposed complaint alleges racial discrimination, rather than discrimination based on national origin. As such, the proposed complaint sufficiently alleges that the Defendant officers were motivated by racial animus against Plaintiffs' racial class—African Americans. *See Shaare Tefila Congregation*, 481 U.S. at 617 ("[A] charge of racial discrimination within the meaning of § 1982 cannot be made out by alleging only that the defendants were motivated by racial animus; it is necessary as well to allege that defendants' animus was directed towards the kind of group that Congress intended to protect when it passed the statute."); *c.f. Schneider v. Bahler*, 564 F. Supp. 1449, 1456 (N.D. Ind.

---

[2] To the extent that the proposed amended complaint alleges that Ms. Collins is also "white," at least in part, "courts have held that various individuals whose property interests were impaired but did not belong to a protected class had standing under § 1982 through their affiliation with individuals who were members of a protected class." *Davis v. City of Aurora ex rel. City Council*, No. 08-cv-002107-PAB-MJW, 2011 WL 2799539, at *4 (D. Colo. July 14, 2011) (collecting cases).

1983) (dismissing § 1982 claim that was totally devoid of any suggestion of racially motivated discrimination by defendants).

Defendants also argue that "the vast body of case law regarding § 1982 largely confines itself to the purchase, sale, or lease of real property and actions which allegedly infringe upon those activities," emphasizing that they have not found a Seventh Circuit case holding that actions by police officers in connection with arresting an individual at a residence is actionable under § 1982. (DE 24 at 3). However, "[c]ourts have taken an expansive view of who may bring a claim [under § 1982] to protect and what interests are protected." *Davis*, 2011 WL 2799539, at *4 (citing *City of Memphis*, 451 U.S. at 120); *see Stirgus v. Benoit*, 720 F. Supp. 119, 121 (N.D. Ill. 1989) ("[T]he Supreme Court has broadly interpreted and applied the statutory language in order to give full effect to its remedial measures." (citing *City of Memphis*, 451 U.S. at 120)).

In that vein, courts have held that "harassing acts directed at property owners with the goal of intimidating them in the use or occupancy of their property can run afoul of § 1982's protection of the right to 'hold' property." *James v. Vill. of Willowbrook*, No. 11-cv-9126, 2012 WL 3017889, at *12 (N.D. Ill. July 9, 2012) (collecting cases); *see* 42 U.S.C. § 1982 (ensures that all citizens have the same right as white citizens to "inherit, purchase, *lease*, sell, *hold*, and convey real and personal property" (emphasis added)). In some instances, actions by police officers have served as a basis for § 1982 claims. *See, e.g.*, *James*, 2012 WL 3017889, at *12 (denying motion to dismiss a § 1982 claim against police officers based, in part, on the false arrest of plaintiffs, the officers' use of excessive force, and the denial of police protection to plaintiffs); *Campbell v. City of Berwyn*, 815 F. Supp. 1138, 1143 n.2 (N.D. Ill. 1993) (finding

that plaintiffs had stated a § 1982 claim where the complaint alleged that the defendant officers acted with discriminatory intent in terminating on-site police protection to plaintiffs' home, subjecting plaintiffs to further racially motivated attacks and impairing their right to hold property).

Consequently, the Court is not willing to determine at this stage—where the standard is futility—that the Defendant officers' actions as alleged in the proposed amended complaint are not actionable under § 1982. Whether Plaintiffs' § 1982 claim can survive a motion for summary judgment, however, remains to be seen. *See generally EEOC v. Universal Brixius, LLC*, 264 F.R.D. 514, 515 (N.D. Ill. 2009) ("A complaint is not insufficient merely because 'it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" (quoting *Twombly*, 550 U.S. at 556)).

### D. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint (DE 23) is GRANTED. The Clerk is DIRECTED to show Plaintiffs' Second Amended Complaint (DE 23-1) filed.

SO ORDERED.

Enter for this 8th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge